# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2009

Charles R. Fulbruge III
Clerk

No. 07-31178

BNSF RAILWAY COMPANY,

Plaintiff,

v.

PARKER DRILLING OFFSHORE USA LLC,

Defendant-Cross Claimant-Appellant,

v.

BROWNING OIL COMPANY INC,

Defendant-Cross Defendant-Appellee.

Appeal from the United States District Court for the
Western District of Louisiana, Lafayette Division
USDC No. 6:06-CV-1358 LO

Before BARKSDALE, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

This lawsuit was filed by BNSF Railway Co. (BNSF) for damages to the Bayou Boeuf Railroad Bridge (the Bridge) during Hurricane Katrina. At all times relevant to this appeal, Drilling Rig #21-B (the Rig) was owned by Parker

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

Drilling Offshore U.S.A., L.L.C. (Parker) and was operated by Browning Oil Company, Inc. (Browning) under contract with Parker, near Lake Verrett. On August 28, 2005, the Rig was moved in anticipation of Hurricane Katrina. The Rig's intended destination was Amelia, Louisiana, which was listed as the "demobilization" point for the Rig at the conclusion of the parties' 45-day contract. Pursuant to the parties' contract, Browning made arrangements for towing the Rig to Bollinger Shipyards in Amelia. Sometime in the afternoon of August 28, 2005, the Rig arrived at the Bridge. The Bridge was down at that time, however, and the Bridge operator was not at his post. The Rig was moored at a dock just north of the Bridge. The following day, Hurricane Katrina struck south Louisiana. The storm damaged the dock to which the Parker Rig was moored and the current carried it into the BNSF Bridge.

On August 9, 2006, BNSF filed the instant lawsuit against Parker for damages stemming from the allision. After discovery, Parker filed a cross-claim against Browning for defense and indemnity based on their contract. The dispute centered on whether the contract provided for Parker's indemnification in the event of its own negligence following the demobilization of the Rig (Parker claimed that it did, Browning claimed it did not). Parker moved for summary judgment, and Browning filed its opposition. The magistrate judge[1] held a settlement conference, and all claims except Parker's claim for defense and immunity against Browning settled. The magistrate judge denied Parker's motion for summary judgment on this claim and granted Browning's cross-motion for summary judgment.[2]

---

[1] The parties consented to the magistrate judge's deciding the case. *See* 28 U.S.C. § 636(c)(1).

[2] Parker and Browning agreed that whichever party's motion for summary judgment was denied would pay the plaintiff, BNSF, the agreed-upon settlement amount.

Summary judgment is proper where a party has demonstrated that no genuine issue exists as to any material fact and that party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "This court reviews a grant of summary judgment *de novo*, applying the same standards as the district court." *Performance Autoplex II Ltd.*, *v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003) (citing *Daniels v. City of Arlington*, *Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). We find that summary judgment was proper in this case, essentially for the reasons stated in the magistrate judge's considered opinion.

JUDGMENT AFFIRMED.